

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable V. B. Goar
County Attorney
Blanco County
Johnson City, Texas

Dear Sir:

Opinion No. O-6368
Re: Nepotism; (1) Brother
of county treasurer as
courthouse janitor
(2) Son of treasurer as
truck-driver for county.

From your letter of recent date we take the following facts and your question:

"R. B. Grisham is County Treasurer of Blanco County, Texas.

"His brother, John W. Grisham is employed by Blanco County as janitor of the Courthouse and Yards. He is paid a salary of $50.00 per month. The County Clerk issues the warrant for his salary each month, and the County Treasurer signs it before it is payable.

"Guy Grisham is a son of R. B. Grisham, the County Treasurer of Blanco County. He is working for Blanco County as assistant truck driver, and his wages are approved by the County Commissioners Court each month; the warrant for his pay is issued by the County Clerk, and the County Treasurer signs the warrant before it can be cashed, as County Treasurer.

"Question: Is either John W. Grisham, or Guy Grisham, or both of them illegally employed, and paid by Blanco County, as above indicated under the 'Nepotism' Statutes of the Penal Code?

". . . ."

Honorable V. B. Goar, page 2

Your question is answered in the negative. Reference to Article 432, Penal Code of Texas, discloses that the offense of nepotism consists of <u>appointing, voting for, or confirming,</u> the appointment of a person related within the prohibited degrees of relationship. Article 434, Penal Code, prohibits evasion of the nepotism law by trading. County Treasurers have nothing whatever to do with either appointing, voting for, or confirming janitors or truck-drivers. We find no authority, statutory or otherwise for such officer making a contract of employment with either of such workmen. If the county treasurer of your county, in consideration of the proper authorities appointing, voting for or confirming his kin, should appoint relations of those having such duty as a deputy county treasurer, you would be warranted and your duty would require you to prosecute the guilty parties under Article 434, supra; otherwise, the mere fact that the county commissioners' court should employ a truck-driver or janitor would not constitute a violation.

We enclose a copy of Opinion No. 0-1954 of this department, which we believe will be helpful to you.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Benjamin Woodall
Benjamin Woodall
Assistant

BW:db

Enclosure

FIRST ASSISTANT
ATTORNEY GENERAL



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN